# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ERVIN MIDDLETON,

    Plaintiff,

v.

LANCE HIMES,

    Defendant.

Case No. 2:15-cv-00076-KJD-CWH

**ORDER**

Presently before the Court is Plaintiff's Petition for Declaratory Judgment (#1).

I.  Background

On June 14, 2014, Plaintiff Ervin Middleton (Plaintiff) obtained a judgment against Defendant Lance Himes (Defendant) from the Las Vegas Justice Court. The court awarded Plaintiff $6,700, which Defendant has yet to pay. Plaintiff filed the present petition on January 14, 2015, citing both the Nevada Uniform Declaratory Judgment Act and the Declaratory Judgment Act, 28 U.S.C.A. § 2201.

III.  Analysis

    A.  Res Judicata

The doctrine of res judicata bars Plaintiff's Petition for a Declaratory Judgment. "Under res judicata, a final judgment on the merits of an action precludes . . . relitigating issues that were or

could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (U.S. 1980) (citation omitted). Specifically, Congress requires all federal courts "to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." Id at 96; see also 28 U. S. C. § 1738 ("[Judicial] proceedings [of any court of any State] shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State.").

Plaintiff obtained a judgment against Defendant from the Las Vegas Justice Court on June 14, 2014, awarding him $6,700. Plaintiff requests this Court grant him a declaratory judgment in the amount of $46,900, attributing the increase from his original judgment to compensatory and punitive damages. However, res judicata precludes this Court from creating a second judgment based on claims already adjudicated by the Las Vegas Justice Court.[1] "To take such a step would constitute a denial of that full faith and credit which a federal court should give to the acts of a state court." Huron Holding Corp. v. Lincoln Mine Operating Co., 312 U.S. 183, 194 (1941).

B. Plaintiff's Petition Does Not Meet Declaratory Judgment Requirements

Regardless of procedural bars, Plaintiff's petition for a declaratory judgment is without merit, as it does not meet the requirements of 28 U.S.C.A. § 2201.

1. Amount in Controversy

The amount in controversy required for the Court to issue a declaratory judgment is $50,000. See 28 U.S.C.A. § 2201. The total judgment Plaintiff wishes to enforce is only $6,700. Even accepting Plaintiff's unsupported claim to seven times the original judgment only brings his requested total to $46,900, which falls below the amount required by the statute.

2. Specific Language of Statute

28 U.S.C.A. § 2201(a) states, "In a case of actual controversy within its jurisdiction . . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and

---

[1] Plaintiff's inability to enforce his judgment in this Court does not bar enforcement through proper means.

other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." Here, there is no actual controversy in existence, as the Las Vegas Justice Court has already issued a judgment on all of Plaintiff's claims. Further, Plaintiff does not seek a declaration of his rights or legal relations, but rather seeks enforcement of a previously declared judgment– an action distinct from what the specific language of § 2201(a) provides. As analyzed *supra*, this Court has no authority to enforce Plaintiff's state court judgment.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Petition for Declaratory Judgment (#1) is **DENIED**.

DATED this 2nd day of July 2015.

_____
Kent J. Dawson
United States District Judge